## OPINION TO THE GOVERNOR.

### APRIL 13, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

ANSWER TO QUESTION PROPOUNDED BY GOVERNOR of Rhode Island and Providence Plantations on a question of law proposed by the House of Representatives.

April 13, 1948

To His Excellency John O. Pastore,
    Governor of the State of Rhode Island
        and Providence Plantations.

We have received from your excellency a communication requesting our written opinion, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, on a question of law as proposed by the honorable house of representatives in their resolution numbered H. 761.

The resolution requests your excellency to obtain from the judges of this court an opinion as to what may constitute a vote of approval on a question submitted by the legislature of the state. The definite question as stated in such resolution is as follows: "Shall a vote of approval mean a majority of those voting on the matter so submitted or shall it be a majority of the total vote cast on the special day the respective question is submitted to the people?"

As thus propounded the question obviously is quite general and so far as we are informed is not related to any particular act or resolution. For that reason our answer necessarily must be general, having no specific relation to any particular act or resolution the nature, scope and terms of which are not now known to us. We have assumed, therefore, that the proponents of the question are interested in obtaining our opinion generally as to the number of votes that may be required to legally constitute a majority for an approval of an ordinary question that may be submitted to the electors at a general or special election.

From our research in the limited time available to us, we are of the opinion that where the subject matter of the question to be submitted for approval is not otherwise controlled, expressly or by necessary implication, by some provision or provisions in the constitution of this state, the general assembly has the power to provide expressly in the act or resolution the precise kind of majority that shall

be required to constitute an approval of a question submitted by such act or resolution.

In other words, in the absence of any constitutional provision to the contrary, the general assembly may provide in such act or resolution that approval of the question shall require the affirmative votes of a majority of all the qualified electors voting in the election as distinguished from those voting only on the proposition itself; or it may provide that the affirmative votes of a majority of those electors actually voting on the particular proposition shall be sufficient to constitute an approval of the question. Of course in either of the above-mentioned provisions the general assembly may require more than a mere majority by providing, for example, that two thirds or three fifths or other major fraction of all the votes cast in the election or of those actually cast on the particular proposition shall be necessary to constitute such an approval.

EDMUND W. FLYNN
ANTONIO A. CAPOTOSTO
HUGH B. BAKER
FRANCIS B. CONDON
JEREMIAH E. O'CONNELL